```
Karlon J. Kidder, Esq.
State Bar #11622
The Law Offices of Paul Freitag
885 Tyler Way
Sparks, Nevada 89431
(775) 359-1936
(775) 359-1992
freitaglaw@yahoo.com
Proposed Attorney for Debtor
```

UNITED STATE BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>V-R PROPERTY MANAGEMENT,<br><br>Debtor. | Case No.: BK-N-11-52653-btb<br><br>Chapter 11<br><br>**DEBTOR'S OPPOSITION TO CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY**<br>HEARING DATE: AUGUST 30, 2011<br>HEARING TIME: 2:30 P.M. |

COMES NOW, V-R PROPERTY MANAGEMENT, Debtor, by and through counsel and files its Opposition to Motion for Relief from the Automatic stay filed by Stan Boyett& Son, Inc., doing business as Boyett Petroleum, (hereafter Creditor). Debtor would show as follows:

**INTRODUCTION**

Debtor owns and operates gas stations and convenience stores. Debtor leased one location from Creditor, namely the Pyramid Way location, and has several fuel contracts with Creditor. Creditor seeks to lift the Automatic stay in order to pursue its state law rights of eviction. Debtor is current on its payment ofits lease to Creditor as of this date, and was so on the date the petition was filed, May 5, 2011. Debtor fell into a cash flow problem with its businesses and was ten (10) days late in payment on its fuel contracts with creditor.  Creditor sent a letter which gave Debtor until May 5, 2011 to cure its deficiency.**Ex. 1**. Because Debtor was given time to cure its default, the lease for the property was never terminated pre-petition and Debtor to this day remains current on his lease payments to Creditor.

Debtor requests that the Court deny Creditor's Motion for Relief from the Automatic Stay as Creditor has adequate protection of its interests in the property because Debtor has continued to make regular lease payments to

Creditor and only the Creditor's rights as an exclusive supplier of fuel have been compromised. The continued operation of the Debtor's business at the Pyramid way location is essential to a successful reorganization plan and Creditor's rights with respect to its fuel supply contracts may be cured by settlement during these bankruptcy proceedings. The burdens of 11 U.S.C. § 362(d)(1,2) have not been met by Creditor because the lease was never terminated, Creditor has adequate protection of its interests, and the continued lease of the property is essential to Debtor's successful reorganization.

## LEGAL AUTHORITY

11 U.S.C. . § 362(b)(10) states that "any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of or during a case under this title to obtain possession of such property" should not be included in the automatic stay. By way of reason, any act by a lessor against a debtor regarding a lease that has not terminated before or during the commencement of a bankruptcy case should therefore be included within an automatic stay.

When a nonresidential lessee files bankruptcy before the lessor has effectively terminated the lease the automatic stay should remain in effect and the Creditor/lessor's motion to lift stay should not be granted. See In re Appalachian Oil Company, Inc. (Bankr. E.D.Tenn. 8-31-09) (Where debtor and creditor held identical relationships to the case at bar and court denied creditor's motion to lift the automatic stay.)

Notwithstanding the fact that the lease was not terminated pre-petition, the court should take into account the particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate. See In re Toluoumis, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994), See Also Sonnax Industries Inc. v. Tri Component Products Corp. 907 F. 2d 1280 (2nd Cir. 1990).

## ARGUMENT

Creditor relies heavily on facts that are not present in an attempt to prove that the lease in question was terminated pre-petition. By Creditor's own letter dated April 20, 2011, Creditor gave Debtor time in which to cure its default. **Ex.1**. Had Debtor paid this debt instead of filing for Chapter 11 the companies would still be operating under the lease agreement. Debtor filed its petition before the stated term for curing its default had lapsed.

Much of Debtor's business income and cash flow comes by way of the lease for the Pyramid Way property. The continued operation of Debtor's business at that location is essential to a successful reorganization. If the Court takes into consideration the factors listed in Sonnax Industries Inc. v. Tri Component Products, *Supra,* the benefit to

Debtor of the continued use of the property under the lease outweighs any burden imposed on the Creditor. Debtor continues to make payments on its lease with Creditor and Creditor's only shortfall, the unpaid balance on fuel shipments, may be cured during this case.

Debtor respectfully requests that this Court deny Creditor's Motion for Relief from Automatic Stay and prevent Creditor from exercising its state law remedy of eviction.

RESPECTFULLY SUBMITTED this 26th day of August, 2011.

        Law Offices of Paul Freitag
        By:___s/s Karlon Kidder___
           Karlon Kidder, esq.